UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. NEELAM UPPAL,

                Plaintiff,

-against-

BANK OF AMERICA, *et al.*,

                Defendants.

18-CV-3085 (CM)

BAR ORDER UNDER
28 U.S.C. § 1651

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff filed this action *pro se*. On October 4, 2018, the Court dismissed the action for failure to state a claim and noted that Plaintiff has a history of filing vexatious, frivolous, or nonmeritorious actions in federal courts. (ECF No. 14 at 6-9.) The Court noted further that on January 11, 2018, the United States Bankruptcy Court for the Middle District of Florida deemed Plaintiff "an abusive serial bankruptcy filer" and enjoined her, for two years, from filing for bankruptcy in that district. (ECF No. 4 at 6 (citing *In re Neelam Taneja a/k/a Neelam Uppal,* No. 17-BK-10140 (M.D. Fla. Bankr. Jan. 11, 2018)). The Court therefore ordered Plaintiff to show cause by declaration within thirty days why she should not be barred from filing further actions *in forma pauperis* (IFP) in this Court without prior permission.

    Plaintiff filed a declaration on November 30, 2018, stating, *inter alia*:

> This court is prejudiced against pro se litigants considering them as unintelligent. It is sadly appalling that as a female Judge your honor is supporting the 'old boys club's' [sic] harassment and abuse by penalizing a female doctor who is standing up for her right and

fighting against Fraud, Fraud in Court, Fraud on court and corruption in her quest for Justice and Preservation of Women's Rights.

(ECF No. 16 at 2.)[1] Plaintiff's arguments against imposing the bar order are insufficient.

## CONCLUSION

The Court bars Plaintiff from filing future civil actions IFP in this Court without first obtaining from the Court leave to file. *See* 28 U.S.C. § 1651. Plaintiff must attach a copy of her proposed complaint and a copy of this order to any motion seeking leave to file. The motion must be filed with the Pro Se Intake Unit of this Court. If Plaintiff violates this order and files an action without filing a motion for leave to file, the Court will dismiss the action for failure to comply with this order.

Plaintiff is further warned that the continued submission of vexatious, frivolous, or otherwise nonmeritorious documents in this case may result in the imposition of additional sanctions, including monetary penalties. *See id.* The Clerk is directed to close this action.

The Clerk of Court is directed to accept no further documents in this action other than those directed to the United States Court of Appeals for the Second Circuit.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

---

[1] Page numbers refer to those generated by the Court's electronic filing system.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 31, 2019
       New York, New York

                                          COLLEEN McMAHON
                                        Chief United States District Judge